

OCT 2 2025 PM1:07
FILED - USDC - FLMD - OCA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**DEMETRIUS HARRIS,**
Register Number: 07867-511,
Coleman Low FCI,
Petitioner,

v.

**WARDEN, COLEMAN LOW FCI,**
Respondents.

Case No. 5:25-cv-617-PGB-PRL

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

## I. INTRODUCTION

Petitioner **Demetrius Harris**, Register Number **07867-511**, is serving a **126-month sentence** at Coleman Low FCI pursuant to a judgment entered in *United States v. Harris*, No. 1:24-cr-20118 (S.D. Fla.). He has been in continuous federal custody since his arrest on **April 3, 2024**. The Bureau of Prisons ("BOP") has projected his release date in **March 2033**, based solely on Good Conduct Time.

Congress, through the **First Step Act of 2018** and the **Second Chance Act of 2008**, mandated that eligible prisoners earn time credits for successful participation in recidivism reduction programs and that such credits "shall be applied" toward earlier transfer to prerelease custody or supervised release. Harris has participated in qualifying programs and is statutorily eligible to earn 15 days of credit per month. His judgment contains no leadership role, no death or serious bodily injury finding, and no express citation to a disqualifying penalty subsection under 21 U.S.C. § 841(b).

Despite this, the BOP has **categorically denied him First Step Act credits**, improperly treating him as ineligible by importing drug quantity and role allegations from his Presentence Investigation Report rather than the controlling judgment. This refusal violates **18 U.S.C. §§ 3585, 3624, and 3632**, undermines congressional intent to expand community custody, and unlawfully prolongs his confinement. Harris now seeks relief under **28 U.S.C. § 2241** to compel lawful calculation of his sentence, including recognition of his eligibility to earn and apply First Step Act time credits.

## II. CUSTODY

Petitioner is in the custody of the Bureau of Prisons pursuant to a judgment entered in *United States v. Harris*, No. 1:24-cr-20118 (S.D. Fla. Oct. 11, 2024), sentencing him to **126 months' imprisonment** for conspiracy to distribute a controlled substance, 21 U.S.C. § 846, and possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1).

## III. JURISDICTION

This Court has jurisdiction under **28 U.S.C. § 2241** because Petitioner challenges the **execution of his sentence** and the BOP's refusal to award and apply First Step Act credits. Venue lies in this District because Petitioner is confined at **Coleman Low FCI**, located within the Middle District of Florida.

## IV. PARTIES

- **Petitioner**: Demetrius Harris, Reg. No. 07867-511, Coleman Low FCI, P.O. Box 1023, Coleman, FL 33521.

- **Respondent**: The **Warden of Coleman Low FCI**, who has immediate custody of Petitioner.

## V. STATEMENT OF FACTS

1. On **April 3, 2024**, Petitioner was arrested and placed into continuous federal custody in connection with *United States v. Harris*, No. 1:24-cr-20118 (S.D. Fla.).

2. On **July 19, 2024**, Petitioner pled guilty to Count 1s, conspiracy to distribute a controlled substance under **21 U.S.C. § 846**, and Count 7s, possession with intent to distribute a controlled substance under **21 U.S.C. § 841(a)(1)**.

3. On **October 11, 2024**, the Honorable William P. Dimitrouleas sentenced Petitioner to **126 months' imprisonment**, followed by five (5) years of supervised release.

4. The Bureau of Prisons ("BOP") has calculated Petitioner's projected release date as **March 2033**, using only Good Conduct Time (GCT). This baseline date reflects the statutory 15% reduction under 18 U.S.C. § 3624(b).

5. Petitioner has consistently participated in **recidivism reduction programs and productive activities** that qualify for time credits under the **First Step Act of 2018**.

6. Despite his participation and the statutory mandate that eligible prisoners "shall earn" and "shall have applied" such credits, the BOP has **denied Petitioner any FSA credits**.

7. The BOP's denial is premised on its internal determination that Petitioner is "ineligible" under 18 U.S.C. § 3632(d)(4)(D). However, Petitioner's **judgment of conviction contains no disqualifying penalty subsection, no leadership role finding, and no death or serious injury enhancement**.

8. The denial of FSA eligibility contradicts both the statutory framework and federal case law, which hold that eligibility must be determined from the **judgment of conviction**, not from the presentence report or guideline calculations. See *Goodman v. Ortiz*, 2021 WL 1085744 (D.N.J. Mar. 22, 2021); *Hare v. Ortiz*, 2021 WL 391280 (D.N.J. Feb. 4, 2021); *Sharma v. Peters*, 2024 WL 140089 (M.D. Ala. Jan. 12, 2024).

9. Because the BOP has refused to treat Petitioner as FSA-eligible, it has not calculated or applied the time credits he has earned. As a result, Petitioner remains confined years beyond the point at which Congress required his transfer to prerelease custody or supervised release.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Petitioner has attempted in good faith to pursue administrative remedies, but the Bureau of Prisons' process has proven both futile and inadequate to address the unlawful denial of his First Step Act credits.

1. **BOP Administrative Remedy Program**

   The BOP requires inmates to challenge sentence calculations by first filing an informal request (BP-8), followed by a formal grievance with the Warden (BP-9), an appeal to the Regional Director (BP-10), and a final appeal to the General Counsel in Washington, D.C. (BP-11). See 28 C.F.R. §§ 542.10–542.19. Only after completing all four steps does the BOP consider remedies "exhausted."

2. **Futility of Full Exhaustion**

   Courts have consistently recognized that exhaustion is not jurisdictional in the § 2241 context, and that exceptions apply when further pursuit would be futile. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (excusing exhaustion where further administrative review would be futile). Here, Petitioner's ineligibility determination is based on a **categorical BOP policy** that denies FSA credits to inmates with certain drug convictions, regardless of individual circumstances. Because the denial stems from an across-the-board policy rather than a fact-specific error, pursuing additional BP-10 or BP-11 appeals cannot result in relief.

3. **BOP's Own Guidance Confirms Policy-Based Denial**

   Recent Bureau directives confirm that staff are instructed to treat entire categories of prisoners as ineligible, even when judgments do not contain disqualifying findings. Thus, Harris's administrative requests have been met with the same categorical denial, not a case-by-case review.

4. **Core Liberty Interest at Stake**

   The unlawful denial of earned credits affects the **duration of Petitioner's confinement**. Each day of delay in judicial review results in unlawful imprisonment beyond the point

Congress authorized. Courts in this posture regularly excuse exhaustion because habeas corpus is designed to remedy unlawful detention without unnecessary delay. See *Sharma v. Peters*, No. 2:24-cv-00158, 2024 WL 140089, at *5 (M.D. Ala. Jan. 12, 2024).

Accordingly, exhaustion should be deemed satisfied or excused. Petitioner has made diligent efforts, but the Bureau's categorical denial renders further administrative pursuit futile. The Court should reach the merits of his claim.

## VII. GROUNDS FOR RELIEF

### Ground One: Unlawful Denial of FSA Credits

The Bureau of Prisons has refused to award Petitioner earned time credits despite his statutory eligibility. Under 18 U.S.C. § 3632(d)(4)(D), exclusions apply only where the judgment of conviction reflects a disqualifying statute (such as § 841(b)(1)(A) or (B)) or where the court imposed a finding of death/serious bodily injury or an aggravating role. Petitioner pled guilty to **21 U.S.C. §§ 846 and 841(a)(1)**, and his judgment contains no reference to a disqualifying penalty subsection, no death or serious bodily injury enhancement, and no finding that he was an organizer, leader, manager, or supervisor. He has consistently been assessed at Low/Minimum risk under the PATTERN assessment and has participated in eligible programming. By categorically denying him credits, the Bureau has contravened the statutory text, which requires specific exclusions to be evident on the face of the judgment.

### Ground Two: Failure to Apply Credits to Sentence Computation

Even if recognized as eligible, the Bureau has failed to apply Petitioner's earned time credits to

reduce his custodial term. Petitioner was sentenced to **126 months** on October 11, 2024. His sentence commenced with his arrest on **April 3, 2024**, and his Good Conduct Time baseline release date is in **March 2033**. Since sentencing, he has participated in recidivism reduction programming and productive activities at a level entitling him to credits under 18 U.S.C. § 3632(d)(4). Yet the Bureau continues to project his release solely on Good Conduct Time, without rolling back his release date in accordance with 18 U.S.C. § 3624(g)(1)(D), which directs transfer to prerelease custody or supervised release once sufficient credits have been earned.

**Ground Three: Violation of Statutory Duty to Maximize Community Custody**

The Bureau has also failed to comply with its statutory duty to maximize community custody. Congress mandated in 18 U.S.C. § 3624(c) that "the Bureau of Prisons shall … ensure that a prisoner spends a portion of the final months of that term … under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for reentry." Section 3632(d)(4)(C) requires that "time credits earned … shall be applied toward time in prerelease custody or supervised release." BOP directives issued May 28, 2025 and June 17, 2025 instructed staff to use **Conditional Placement Dates** that account for projected FSA credits and Second Chance Act eligibility. Despite this, the Bureau has refused to stack these provisions, depriving Petitioner of lawful community custody and undermining congressional intent to expand prerelease opportunities.

## VIII. CONCLUSION

The First Step Act was enacted to ensure that eligible individuals earn credits for their rehabilitation and that those credits are applied to shorten their time in custody. Petitioner Demetrius Harris has participated in qualifying programming, remained in good standing, and is statutorily eligible to earn and apply credits. His judgment contains no reference to a disqualifying penalty subsection, no leadership role finding, and no enhancement for death or serious bodily injury.

The Bureau of Prisons' categorical denial of his eligibility and refusal to apply credits contravenes the plain text of **18 U.S.C. §§ 3585, 3624, and 3632**, undermines congressional intent, and unlawfully extends his imprisonment by years. Habeas relief is therefore necessary to enforce the statute as written and to ensure Petitioner is afforded the lawful benefit of the time credits he has earned.

---

## IX. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. **Grant the writ of habeas corpus** under 28 U.S.C. § 2241;

2. **Declare that Petitioner is eligible** to earn and apply First Step Act time credits;

3. **Order the Bureau of Prisons** to recalculate Petitioner's sentence to include earned FSA credits and to apply such credits toward prerelease custody or supervised release, consistent with 18 U.S.C. § 3624(g);

4. **Direct the immediate referral** of Petitioner for prerelease custody placement, including home confinement, consistent with his Conditional Placement Date; and

5. **Grant such other relief** as this Court deems just and proper.

---

## X. VERIFICATION

I, **Demetrius Harris**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is true and correct to the best of my knowledge and belief.

Executed on this __1__ day of __October__, 2025.

Respectfully submitted,

*Demetrius Harris*

**Demetrius Harris**
Register No. 07867-511
Coleman Low FCI
P.O. Box 1023
Coleman, FL 33521

PRESS FIRMLY TO SEAL




PAPER POUCH

PRESS FIRMLY T(


UNITED STATES POSTAL SERVICE



U.S. PO:
PME
HOMEST
OCT 01,

34475

$31

RDC 07

S2324Y5

# PRIORITY MAIL EXPRESS®

FOR DOMESTIC AND INTERNATION
PLACE MAILING LABEL HER

SCF


UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

ER 242 908 715 US

date*

time†          By

rice included for dom

nal destinations.

include $100 of insu

pon request.

S., select APO/FPO/DPO and
ns.
s.com for complete details.
tain items. For details regardir
mestic Mail Manual at

l.S. destinations only.

STOMS DECLARATION LABEL MAY B

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)        PHONE ( )

Rosie Weaks
14285, SW 285 inter
Homestead FL
33033

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)        PHONE ( )

Clerk of court
U.S District court
middle District of Florida
ocala Divison 207. N.W
Second Street

ZIP + 4® (U.S. ADDRESSES ONLY)
Ocala FL 34475

**PAYMENT BY ACCOUNT (if applicable)**
Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day    ☐ 2-Day    ☐ Military    ☐ DPO

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 33030 | 10-3-25 | $ 31 46 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 10-1-25 | ☐ 6:00 PM | $ | $ |

| Time Accepted | | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 451 ☐ AM ☑ PM | | $ | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | 31 46 |

| Weight | ☐ Flat Rate | Acceptance Employee Initials |
|---|---|---|
| lbs.    ozs. | | $ |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |


UNITED STATES POSTAL SERVI

This package is made from post-consumer waste. **Please recycle - again.**



# UNITED STATES POSTAL SERVICE®

# PRIORITY
# MAIL
# EXPRESS®



**EMS**

# FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

## VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE



PS10001000006      EP13F October 2023

# GUARANTEED* ■TRACKED